UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

VERNON ARNOLD,

                                Plaintiff,

    - against -

THE CITY OF NEW YORK, POLICE OFFICER
JOHN MCDEVITT, POLICE OFFICER
HALL, and POLICE OFFICER JOHN DOE.

                              Defendants.
-----------------------------------------------------------X

JUDGE JONES
12 CIV 6295

COMPLAINT

Plaintiff Demands
Trial by Jury

        Plaintiff complaining of the defendants by his attorneys, TUMELTY & SPIER, LLP, hereby allege, upon information and belief, as follows:

## PREAMBLE

    1.    This is an action to redress the deprivation by the defendants of the rights secured to the plaintiff by the Constitution and laws of the United States and the State of New York.

    2.    Jurisdiction of this Court is invoked under the provisions of Sections 1331, 1343(3), and 1367(a) of Title 28, United States Code and pursuant to Sections 1983 and 1988 of Title 42, United States Code.

    3.    Venue is placed in the Southern District of New York because it is the District where the Plaintiff resides and where the events complained of took place.

## THE PARTIES

    4.    The plaintiff was and still is an adult resident of the State of New York.

    5.    The defendant POLICE OFFICER JOHN MCDEVITT, a police officer employed by the New York Police Department, ( hereafter "P.O. JOHN MCDEVITT") is an adult resident of the State of New York.

Page 1 of 10

6. That P.O. JOHN MCDEVITT, upon information and belief, was assigned to the Patrol Boro Manhattan South ("PBMS") at all times herein mentioned.

7. At all relevant times P.O. JOHN MCDEVITT was employed as a New York City Police Officer and was employed by the City of New York.

8. At all relevant times P.O. JOHN MCDEVITT was assigned within the confines of the patrol borough Manhattan South.

9. At all relevant times hereinafter mentioned, the defendant P.O. JOHN MCDEVITT was and is an employee of the CITY OF NEW YORK.

10. That at all times hereinafter mentioned, defendant P.O. JOHN MCDEVITT was acting within the scope of his employment and in the furtherance of his duties with the CITY OF NEW YORK.

11. Defendant P.O. JOHN MCDEVITT is sued only in his individual capacity.

12. At all times hereinafter mentioned, defendant P.O. JOHN MCDEVITT was acting under color of law, to wit: the laws of the State of New York and City of New York.

13. The defendant POLICE OFFICER HALL ( hereafter "P.O. HALL") is an adult resident of the State of New York.

14. That P.O. HALL, a person whose first name is currently unidentified, upon information and belief, was assigned to Patrol Boro Manhattan South at all times mentioned herein.

15. At all relevant times P.O. HALL was employed as a New York City Police Officer and was employed by the City of New York.

16. At all relevant times P.O. HALL was working as a partner to P.O. JOHN MCDEVITT.

Page **2** of **10**

17. At all relevant times hereinafter mentioned, the defendant P.O. HALL was and is an employee of the CITY OF NEW YORK.

18. That at all times hereinafter mentioned, defendant P.O. HALL was acting within the scope of his employment and in the furtherance of his duties with the CITY OF NEW YORK.

19. Defendant P.O. HALL is sued only in his individual capacity.

20. At all times hereinafter mentioned, defendant P.O. HALL was acting under color of law, to wit: the laws of the State of New York and City of New York.

21. The defendant POLICE OFFICER JOHN DOE ( hereafter "P.O. JOHN DOE") is an adult resident of the State of New York.

22. That P.O. JOHN DOE, a fictitious name for a person who is currently unidentified, upon information and belief, was assigned to Patrol Boro Manhattan South at all times mentioned herein.

23. At all relevant times P.O. JOHN DOE was employed as a New York City Police Officer and was employed by the City of New York.

24. At all relevant times P.O. JOHN DOE was working as a partner to P.O. JOHN MCDEVITT and P.O. HALL.

25. At all relevant times hereinafter mentioned, the defendant P.O. JOHN DOE was and is an employee of the CITY OF NEW YORK.

26. That at all times hereinafter mentioned, defendant P.O. JOHN DOE was acting within the scope of his employment and in the furtherance of his duties with the CITY OF NEW YORK.

27. Defendant P.O. JOHN DOE is sued only in his individual capacity.

28. At all times hereinafter mentioned, defendant P.O. JOHN DOE was acting under color of law, to wit: the laws of the State of New York and City of New York.

29. At all times mentioned in this Complaint, the individual defendants acted jointly and in concert with one another. Each defendant had the duty and the opportunity to protect the Plaintiff from the unlawful actions of the other defendants, namely the unlawful arrest, assault, battery, excessive force, abuse of process, and violation of civil rights, but each defendant failed and refused to perform such duty, thereby proximately causing the plaintiff's injuries.

## PROCEDURAL HISTORY

30. That a Notice of Claim regarding the acts herein was served upon Defendant THE CITY OF NEW YORK on June 20, 2011, within ninety days of the occurrence.

31. That on August 15, 2011, the Plaintiff was examined by the Defendant THE CITY OF NEW YORK at a hearing pursuant to General Municipal Law 50-H.

32. That more than thirty days has elapsed since the serving of the Notice of Claim and the Defendant THE CITY OF NEW YORK has not settled or resolved the claims.

33. That this action is being commenced within one year and ninety days of the accrual of the action.

## AS AND FOR A FIRST CAUSE OF ACTION FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS (§1983).

34. On June 5, 2011 at approximately 2:30 am Plaintiff was in front of a McDonald's restaurant located at 220 West 42nd Street in New York, New York.

35. At that date, time, and location Plaintiff was not engaged in any unlawful or criminal acts.

36. That P.O. JOHN MCDEVITT and P.O. HALL, and P.O. JOHN DOE were in uniform and were at the above location with other uniformed police officers.

37. That P.O. JOHN MCDEVITT and P.O. HALL and P.O. JOHN DOE and the other police officers were responding to an incident regarding other persons at the location.

38. That Plaintiff had a backpack with personal belongings including a laptop, a cellphone, a camera and some clothing, at the location.

39. That when Plaintiff attempted to recover his items from the location the defendant police officers refused to allow Plaintiff to retrieve Plaintiff's property.

40. That P.O. JOHN DOE physically struck Plaintiff, tripped Plaintiff, and forced Plaintiff to the ground.

41. That Plaintiff was assaulted by the individual defendants and other police officers at the scene who acted in concert with one another.

42. That Plaintiff was handcuffed, detained and arrested by the Defendant Police Officers and others.

43. That Plaintiff was conscious and aware of his confinement.

44. That Plaintiff was transferred from the location and held in a cell at the Midtown South Precinct.

45. That Plaintiff was thereafter transferred to central booking.

46. That Plaintiff was held at central booking in a cell for several hours.

47. That Plaintiff was caused to be charged with disorderly conduct and was arraigned.

48. That Plaintiff was bruised and battered during the unlawful arrest and sustained physical injuries including a laceration to his head requiring sutures, and other injuries.

49. That Plaintiff sustained damage to Plaintiff's reputation by the false and defamatory statements and actions by the Defendants.

50. That Plaintiff sustained mental suffering and emotional impairment from the acts of the Defendants.

51. That the above acts and omissions deprived Plaintiff of his civil rights under the United States Constitution and New York State Constitution.

52. There was no legal justification or excuse for the unlawful arrest, assault, battery, excessive force used against Plaintiff by the Defendants, and the malicious prosecution caused to be commenced against Plaintiff.

53. As the result of the foregoing, plaintiff feared for his personal safety, was deprived of his liberty, was humiliated and embarrassed, suffered from shock and personal injuries, and damages and was prevented from performing his usual and customary duties.

54. The acts of the aforesaid defendants violated the rights granted to plaintiff pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. As such, plaintiff seeks relief pursuant to 42 U.S.C. §1983.

55. The acts of the aforesaid defendants violated the rights granted to the plaintiff pursuant to Article 1, §12 of the New York State Constitution and the common law of the State of New York. As such, plaintiff seeks relief against the defendants. This Court has jurisdiction over this claim pursuant to its supplementary jurisdiction granted pursuant to 28 U.S.C. §1367(a).

**AS AND FOR A SECOND CAUSE OF ACTION FOR ASSAULT AND BATTERY.**

56. Plaintiff repeats and reiterates the preceding paragraphs as if fully set forth.

57. The Defendant P.O. JOHN DOE and other officers, believed to be the named defendants, and others, threatened to and did cause unauthorized and offensive physical contacts to Plaintiff.

58. That the defendants and others used excessive physical force against Plaintiff.

59. That Plaintiff sustained injuries during the course of the assault and battery by the Defendants.

60. That the Defendant City of New York, condoned, ratified and authorized the illegal conduct of the Individual Defendants.

61. That the above acts are part of a pattern and practice of the Defendant City of New York.

62. That due to the above, Plaintiff sustained damages.

### AS AND FOR A THIRD CAUSE OF ACTION FOR MALICIOUS PROSECUTION

63. Plaintiff repeats and reiterates the preceding paragraphs as if fully set forth.

64. That P.O. JOHN MCDEVITT charged Plaintiff with violations of the Penal Code.

65. That P.O. JOHN MCDEVITT knew that Plaintiff had not committed the acts claimed.

66. That P.O. JOHN MCDEVITT caused the criminal prosecution of Plaintiff to cover up the wrongful acts of the defendants.

67. That the criminal prosecution was brought with malice.

68. That Plaintiff was innocent of the charges.

69. That the charges against Plaintiff have been dismissed.

70. That the Defendant City of New York, condoned, ratified and authorized the illegal conduct of the Individual Defendants.

71. That the above acts are part of a pattern and practice of the Defendant City of New York.

72. That due the above the Plaintiff has sustained damages.

## AS AND FOR A FOURTH CAUSE OF ACTION FALSE ARREST AND IMPRISONMENT.

73. Plaintiff repeats and reiterates the preceding paragraphs as if fully set forth.

74. That the arrest of Plaintiff was without probable cause.

75. That the arrest of Plaintiff was not pursuant to a warrant of arrest.

76. That Plaintiff was conscious and aware of his confinement.

77. That the Defendant City of New York, condoned, ratified and authorized the illegal conduct of the Individual Defendants.

78. That the above acts are part of a pattern and practice of the Defendant City of New York.

79. That due the above the Plaintiff has sustained damages.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR NEGLIGENCE / GROSS NEGLIGENCE.

80. Plaintiff repeats and reiterates the preceding paragraphs as if fully set forth.

81. That the Defendants acted with negligence and gross negligence in the stop, detention, arrest, and assault upon Plaintiff.

82. That due the above the Plaintiff has sustained damages.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR CONVERSION/ LOSS OF PROPERTY AND NEGLIGENCE.

83. Plaintiff repeats and reiterates the preceding paragraphs as if fully set forth.

84. That The Defendants stopped and prevented Plaintiff from retrieving his personal items at the arrest location.

85. That Defendants arrested Plaintiff and failed to secure and/ or safeguard Plaintiff's personal belongings.

86. That Plaintiff's belongings were never found after Plaintiff was removed from the scene by the Defendants.

87. That due to the above Plaintiff was damaged in the amount of approximately $1120.00 USC.

## ARTICLE 16 IS INAPPLICABLE TO INSTANT ACTION

88. The provisions of Article 16 to the CPLR of the State of New York do not apply to the instant action.

89. The defendants acted with intent.

90. The defendants acted knowingly or intentionally, jointly, in concert, and in a conspiracy to "cover-up" the unlawful acts of the defendants and to otherwise deprive plaintiff of due process of law, to cause the acts or failures upon which liability is based.

**WHEREFORE**, Plaintiff demands judgment against the defendants, on each of the Six Causes of Action, as follows:

(I) Compensatory damages in an amount that is just, reasonable, and fair;

(ii) Punitive damages, against the individual defendants, in an amount that is just, reasonable, and fair;

(iii) Attorneys' fees and the costs of this action;

(iv) Such other relief as is fair, just, or equitable.

Dated: New York, New York
August 15, 2012

BY: _____
John Tumelty (JT2840)
Tumelty & Spier, LLP
Attorneys for Plaintiff
460 Broadway, Suite 708
New York, New York 10038
(212) 566-4681
Fax (212) 566-4749
e-mail johntslaw@aol.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

VERNON ARNOLD,

                        Plaintiff,

- against -

THE CITY OF NEW YORK, POLICE OFFICER
JOHN MCDEVITT, POLICE OFFICER
HALL, and POLICE OFFICER JOHN DOE

                        Defendants.
-----------------------------------------------------------X

**COMPLAINT**

CERTIFICATION PURSUANT TO 130.-1.1(a)

SIGNATURE

TUMELTY & SPIER, LLP
*Attorney for Plaintiff(s)*
160 Broadway, Suite 708
New York, New York 10038
(212) 566-4681
Fax  (212) 566-4749